# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jervon R. Clark, #236671, ) | Civil Action No. 2:14-2067-RBH-WWD |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| C. Hindenberg, *Inmate Grievance* ) | |
| *Coordinator, in her official capacity*, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The pro se Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On July 24, 2014, the Defendant filed a motion for summary judgment. As the Plaintiff is proceeding pro se, a Roseboro Order was entered by the Court on July 24, 2014, advising the Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to file a properly supported response, the Defendant's motion may be granted, thereby ending his case. Plaintiff's response was due on August 28, 2014.

On or about August 5, 2014, Plaintiff filed a Motion to Stay. (Dkt. No. 24.) On September 5, 2014, the undersigned issued the following text order denying Plaintiff's motion:

> TEXT ORDER denying 24 Motion to Stay. On or about August 5, 2014, Plaintiff filed a Motion to Stay Defendant's Motion for Summary Judgment, asserting he needed responses to the attached discovery requests before he could respond to Defendant's Motion for Summary Judgment. (Dkt. No. 24 at 1 of 2.) Defendant filed a Response in Opposition to Plaintiff's Motion to Stay, asserting that Defendant "has responded to the discovery requests submitted with Plaintiffs Motion and has sent Plaintiff responses to his discovery

requests along with the Response to his Motion." (Dkt. No. 25.) As Defendant has responded to the at-issue discovery requests, no stay is warranted. Plaintiff's Motion to Stay (Dkt. No. 24) is therefore DENIED. The deadline for Plaintiff to file a Response in Opposition to Defendant's 21 Motion for Summary Judgment is 10/6/2014. AND IT IS SO ORDERED.

(Dkt. No. 26.) On or about September 14, 2014, Plaintiff filed a Reply to the text order of September 5, 2014. (Dkt. No. 28.) Thereafter, on October 16, 2014, the undersigned issued the following text order:

> TEXT ORDER re 28 Plaintiff's Reply to the 26 Order on Motion to Stay. On September 5, 2014, Plaintiff's Motion to Stay was denied; that order further stated that Plaintiff's deadline for responding to Defendant's 21 Motion for Summary Judgment was 10/6/2014. (Dkt. No. 26.) On or about September 14, 2014, Plaintiff filed the instant 28 Reply to the 26 Order on Motion to Stay, stating that after various transfers within the South Carolina Department of Corrections, he no longer has any of his legal materials. (See Dkt. No. 28.) Accordingly, the Clerk is directed to mail Plaintiff a copy of the following documents: (a) Plaintiff's Complaint and attachments to his Complaint (Dkt. No. 1; Dkt. No. 1-1; Dkt. No. 1-2); (b) Defendant's Motion for Summary Judgment and attachments (Dkt. No. 21; Dkt. No. 21-1; Dkt. No. 21-2; Dkt. No. 21-3); and (c) the Roseboro Order (Dkt. No. 22). Plaintiff's deadline to respond to Defendant's 21 Motion for Summary Judgment is NOVEMBER 19, 2014. Barring extraordinary circumstances, NO FURTHER EXTENSIONS WILL BE GRANTED. AND IT IS SO ORDERED.

(Dkt. No. 29.)

Notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order and other orders, the Plaintiff has failed to respond to the motion.

Based on the foregoing, the undersigned finds that Plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 929 (4th Cir. 1982).[1]

---

[1] He is personally responsible for proceeding in a dilatory fashion, the Defendant is suffering prejudice due to having to expend time and resources on a case in which the Plaintiff is unresponsive, and no sanctions other than dismissal appear to exist as the Plaintiff is indigent (and therefore not subject to monetary sanctions) and he has otherwise failed to respond to Court filings

Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Rule 41(b), Fed. R. Civ. P.

**The Clerk shall mail this Report and Recommendation to Plaintiff at his last known address. If the Plaintiff notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a response to the motion for summary judgment, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].[2]

The parties are referred to the Notice Page attached hereto.

                                                              */s/ Wallace W. Dixon*
                                                            WALLACE W. DIXON
December 3, 2014                                   UNITED STATES MAGISTRATE JUDGE
Charleston, South Carolina

---

despite Court orders requiring him to do so. Lopez, 669 F.2d at 920.

[2] After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. See Simpson v. Welch, 900 F.2d 33, 35-36 (4th Cir.1990); see also Ballard, 882 F.2d at 95-96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).